**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4006**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CHRISTOPHER RAY PARRISH,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
Chief District Judge.  (5:08-cr-00099-FL-1)

───────────

Submitted:  December 9, 2009      Decided:  January 13, 2010

───────────

Before MICHAEL, KING, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North
Carolina, for Appellant.  Anne Margaret Hayes, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Ray Parrish appeals the sentence imposed after he pled guilty, pursuant to a plea agreement, to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). On appeal, Parrish argues that trial counsel provided ineffective assistance by failing to object to the probation officer's recommendation that he qualified for sentencing as a career offender. The Government has moved to dismiss the appeal on the ground that claims of ineffective assistance of counsel are not cognizable on direct appeal. We deny the Government's motion to dismiss but affirm Parrish's sentence.

In the presentence report, the probation officer concluded that Parrish qualified for sentencing as a career offender based on two prior North Carolina state court convictions: possession with intent to manufacture, sell and deliver marijuana; and possession with intent to manufacture, sell and deliver marijuana and cocaine. Parrish did not contest his status as a career offender, but requested a downward variance based on an argument that the sentencing range over-represented the seriousness of his prior crimes. The district

court denied the motion and sentenced Parrish to 262 months of imprisonment.

Parrish argues that counsel should have objected to his career offender status on the ground that he did not have the required predicate felony convictions for career offender sentencing, because his prior state drug convictions were not punishable by more than one year of imprisonment. He bases this argument on the Supreme Court's decision in United States v. Rodriquez, 553 U.S. 377 (2008). He also relies on United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008), which interpreted the North Carolina sentencing statutes to require an examination of each defendant's prior record level to determine if a particular crime was punishable by more than one year of imprisonment. The Government argues in its motion to dismiss that the objection Parrish asserts trial counsel should have raised was foreclosed by binding precedent, specifically this court's decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005).

The Government correctly notes that claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the

3

record conclusively establishes ineffective assistance. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>King</u>, 119 F.3d at 295. Our review of the record leads us to conclude that it fails to establish that counsel was ineffective. We decline, however, to dismiss the appeal, as the policy regarding claims of ineffective assistance of counsel asserted on direct appeal is not jurisdictional, and dismissing the appeal would not promote judicial efficiency.

Accordingly, although we deny the Government's motion to dismiss the appeal, we affirm Parrish's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>